*554
 
 French, J.
 

 The appellant, Union Improvement Company, a corporation, organized and existing by virtue of the laws of the state of Washington, is to all intents and purposes, in so far as this action is concerned, identical with its principal stockholder, John Lorentz, and was, prior to July 21, 1928, the owner of certain lands and personal property in Grant county, Washington, generally referred to in the testimony as the Dr. Brown farm. The respondent, Van Woerden, was at that time the owner of certain property referred to in the testimony as the Cherry Valley Stock Farm, consisting not only of the farm itself, but also of certain livestock, farm machinery, farming implements, etc.
 

 On July 21, 1928, an exchange of certain properties took place between the respondent and appellant, both parties being represented by a real estate broker named Don Edwards. Certain other properties were involved in this transaction, but it is not necessary to consider them in connection with this case.
 

 The Grant county farm, at the time above mentioned, was subject to a mortgage of fifteen thousand dollars. There were also some other small incumbrances against this property, but the testimony indicates that it was the intention to discharge all the other obligations against it.
 

 The appellant caused the Grant county property to be deeded to a corporation known as the Fortuna Investment Company, and the Fortuna Investment Company executed its promissory note in the amount of approximately forty thousand dollars in favor of respondent and at the same time executed a second mortgage on the Grant county property to secure the payment of such note. At the same time and as a part of the same transaction, appellant made and executed the following instrument:
 

 
 *555
 
 “$15,000 Seattle, Washington, July 21st, 1928.
 

 “For Value Received, we hereby promise to pay to the order of Dirk Van Woerden the sum of fifteen thousand dollars ($15,000), in the manner following, that is to say: Whereas there is a certain note which is for the sum of $40,450.09, and which was executed by Fortuna Investment Company, a corporation, to said Dirk Van Woerden, and which last mentioned note is secured by a mortgage on certain real estate situate in G-rant county, Washington, and which mortgage is recorded in the office of the auditor of said Grant county, in volume 31 at page 142. As a further security for the payment of the first fifteen thousand dollars ($15,000) of said last mentioned note and mortgage, and interest thereon until the last named amount has been paid thereon, this note and the mortgage securing the same has been executed.
 

 “If the first $15,000 to become due on the said $40,-450.09 note and mortgage shall be paid as and when due, and interest thereon, as aforesaid, according to the terms and conditions thereof, then this note shall be void and of no further force or effect; but if default shall be made in the payments provided for in said note and mortgage, then this note shall, at the option of the holder hereof, become immediately due and payable, and all sums paid hereon, either voluntarily, through court proceedings or otherwise, shall be credited on said note of $40,450.09.
 

 “In the event suit shall be brought upon this note, or the mortgage securing the same, then there may be included in any judgment rendered hereon a reasonable amount as attorney fee in such suit or action. (Corporate Seal)
 

 “Union Improvement Company,
 

 “By John A. Lorentz,
 

 “Its President.”
 

 And, as a part of the same transaction and to secure the payment of the last mentioned instrument, a mortgage in words and figures as follows, omitting the formal description of the property, was executed:
 

 
 *556
 
 “Mortgage
 

 “This Indenture, made this 21st day of July, 1928, by and between Union Improvement Company, a corporation, party of the first part, and Dirk Yan Woerden, party of the second part,
 

 “Witnesseth, That the said party of the first part, for and in consideration of the sum of fifteen thousand dollars ($15,000), to it in hand paid, receipt whereof is hereby acknowledged, does by these presents, grant, bargain, sell and convey unto the said party of' the second part, his heirs, or assigns, the following described real estate situate in the county of King, state of Washington, and particularly described as follows, to wit: (Description) together with the tenements, hereditaments and appurtenances thereunto belonging.
 

 “This conveyance is intended as a mortgage, to secure the payment of the' sum of $15,000, together with interest thereon, in accordance with one certain promissory note of said amount, executed this date by the first party to the second party, payable as therein provided, which said note is given as additional security to the second party, and which note, together with this mortgage securing the same, further secures unto the second party the payment of a portion of a certain note and mortgage executed June 12, 1928, by Fortuna Investment Company, a Washington corporation, to the said second party. Said last mentioned note being in the sum of $40,450.09, the same being secured by a mortgage on certain real estate situate in Grant county, Washington; said last mentioned mortgage being recorded in book 31, of mortgages, at page 142, records of real estate mortgages, in the auditor’s office of Grant county, Washington. Said last mentioned note and mortgage being payable in installments.
 

 “This mortgage is to secure unto second party the payment of the first fifteen thousand dollars ($15,000), which will become due on the said note and mortgage of $40,450.09, according to its terms, and interest to accrue and become due until said amount of principal has been paid thereon, and these presents shall be void
 
 *557
 
 if such payments be made according to tbe terms and conditions thereof. But in case the said payments shall not be made on said note and mortgage of $40,-450.09, as and when dne, and in accordance with the terms and conditions thereof, and if default shall be made in the payment thereof, either principal or interest, according to the terms and conditions thereof, then and in that event the said first party hereby consents and agrees that this mortgage, and the note securing the same, shall become immediately due and collectible, and that the holder and owner of this mortgage, and the note which it secures, may declare it immediately due and payable, and that such holder thereof may foreclose the same in the manner provided by law, and that any and all amounts realized out of, or through the foreclosure hereof shall and must be applied and credited upon the said note and mortgage of $40,450.09.
 

 “In case any suit or other proceeding is brought upon this mortgage or the note which it secures, then the first party agrees to pay, in addition to the amount for which judgment is given, and in addition to the costs and disbursements provided by statute, a reasonable amount as attorney’s fees in such suit or action.
 

 “In Witness Whereof, the party of the first part has caused these presents to be subscribed by its president and its corporate seal to be hereunto affixed the day and year first above written
 

 “Union Improvement Company,
 

 “By: John A. Lorentz, Its President.”
 

 Thereafter appellant took possession of the Cherry Valley Stock Farm, and interest time coming due on the forty-thousand dollar note given by the Fortuna Investment Company, and the Fortuna Investment Company defaulting in the payment of its interest, and its note providing that, in default of payment, the whole amount might be declared due and payable, considerable conversation was had between the parties interested resulting finally in the Fortuna Investment
 
 *558
 
 Company executing a deed conveying the G-rant county land to respondent, and respondent executed in favor of the Fortuna Investment Company certain agreements -whereby, under certain conditions, the Fortuna Investment Company might again regain title to the Grant county land.
 

 This action was commenced to recover on the fifteen-thousand-dollar collateral note secured by mortgage on the Cherry Yalley Stock Farm, and from a judgment permitting this foreclosure, this appeal follows:
 

 The appellant’s contention, as set forth in its brief, is that the giving of the deed by the Fortuna Investment Company and its acceptance by respondent under the circumstances as shown by the evidence in this case resulted in a merger of the legal and equitable title and the satisfaction of the debt secured by the mortgage, or that, in any event, it operated as a satisfaction pro
 
 tanto,
 
 that is, to the extent of the value of the property conveyed. We think that the contention of the appellant, that the giving and receiving of the deed to the Grant county land constituted a merger of the legal and equitable title and a satisfaction and extinguishment of the debt, depends entirely on the intention of the parties, and in so far as the question of merger is concerned depends primarily on the intention of the mortgagee.
 
 41
 
 C. J. 775; 19 R. C. L., 276;
 
 Connecticut Investment Co. v. Demick,
 
 105 Wash. 265, 177 Pac. 676.
 

 Whether or not the conveying of property covered by a mortgage to the holder of the mortgage operates as a merg-er or as a satisfaction of the debt, depends on the facts and circumstances of each particular case, and, generally speaking, the rule is, as announced not only by this court, but by all other courts in so far as we have made an examination, that, as between the parties to the transaction, the taking of the title will
 
 *559
 
 not be permitted to operate to the detriment of the principal debtor. Consider the instrument which forms the basis of this action. Beading it in its entirety, considering not only the note, but the mortgage, but one conclusion can be reached, namely, that the fifteen-thousand-dollar note and mortgage which form the basis of this action were given practically for the purpose of making the forty-thousand-dollar note and mortgage a first lien. True, no witness expressly states this to have been the purpose, and probably no witness would have been permitted to so state, but, taking the transaction as a whole, there could have been no other purpose. The .fifteen-thousand-dollar note and mortgage sued on were to become absolute if there was a default in the payment of the first fifteen thousand dollars of the forty-thousand-dollar note, and there was such- a default.
 

 The lower court found that the Fortuna Investment Company failed to pay the semi-annual interest; that respondent caused notice of default to be given to appellant; elected to, and did, declare the note due, and also found that, by agreement of appellant, the deed was taken from the Fortuna Investment Company. We think the evidence not only supports this finding, but further indicates that the deed was taken for the purpose of permitting the appellant, through its president, John A. Lorentz, to re-finance the entire transaction. The intention of the parties as gathered from the instruments as well as from the testimony of their mutual agent, and from their actions, clearly indicates to us that there was no intention to release appellant from its obligation, and that the various steps taken were with the full knowledge and consent of appellant and for its use and benefit as much as for the use and benefit of respondent.
 

 The testimony clearly indicates that appellant was
 
 *560
 
 expecting to receive a considerable sum of money about the time this deed was executed, and expected to be able to pay tbe obligation due respondent. The question of there having been a payment of the forty-thousand-dollar mortgage, a merger of the legal title, or a satisfaction of the indebtedness is purely a question of fact, and the evidence supports the judgment of the trial court.
 

 Affirmed.
 

 Mitchell, O. J., Fullerton, Main, and Holcomb, JJ., concur.